IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KINWEN LAMARROW STALLWORTH, :

    Plaintiff, :

vs. : CIVIL ACTION 13-0261-CG-C

THOMAS TATE, et al., :

    Defendants. :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 (Doc. ), together with a Motion to Proceed Without Prepayment of Fees (Doc. 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action. It is recommended that this action be dismissed without prejudice for Plaintiff's failure to pay the partial filing fee.

Upon review of Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2), the Court found that Plaintiff was required to pay a $4.73 partial filing fee. On May 17, 2013, the Court ordered Plaintiff to pay the partial filing fee within twenty-one (21) days (Doc. 3). Plaintiff was warned that his failure to comply with the order within the prescribed time would result in the dismissal of his action. Plaintiff has not paid the partial filing fee, nor has he otherwise responded to the Court's order.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action by

paying the partial filing fee, the Court recommends that, through its inherent powers, this action be dismissed without prejudice. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

In the present action, if plaintiff disputes the finding of failure to pay the partial filing fee and wants to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay. *Wilson,* 414 F.3d at 1320 (citing to *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to a pay partial filing fee)).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with

the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

  DONE this 9th day of August, 2013

          s/WILLIAM E. CASSADY
          UNITED STATES MAGISTRATE JUDGE